**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**March 26, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARLON DEWAYNE MARTIN,

    Defendant - Appellant.

No. 25-6132
(D.C. No. 5:24-CR-00398-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]
_____

Defendant Marlon DeWayne Martin pleaded guilty pursuant to a plea agreement to one count of child sex trafficking in violation of 18 U.S.C. § 1591(a)(1), (b)(2), (c), and 18 U.S.C. § 1594(a). Defendant's advisory guideline range was 210 to 262 months' imprisonment. The district court sentenced Defendant to 240 months' imprisonment. Defendant now appeals his sentence. Our jurisdiction arises under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291. *See United States v. Hahn*, 359 F.3d 1315,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

1320 (10th Cir. 2004) (en banc).  On appeal, Defendant's sole claim is that his sentence is substantively unreasonable because "he had significant mitigating personal characteristics that were essentially ignored by the district court, resulting in an unreasonable balancing of the section 3553(a) factors."  Op. Br. at 7; *see* 18 U.S.C. § 3553(a).  Unfortunately for Defendant, the Government in its response brief invokes the appeal waiver contained in his plea agreement, a waiver that Defendant does not seek to circumvent.[1]  *See* 10th Cir. R. 27.3(A)(3)(d) (permitting the Government to seek enforcement of an appellate waiver in its response brief).  Accordingly, we dismiss Defendant's appeal.

Where a defendant seeks to appeal after he has entered into a plea agreement containing an appeal waiver, we must determine (1) whether the appeal falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived his right to appeal, and (3) whether enforcing the waiver would result in a miscarriage of justice.  *Hahn*, 359 F.3d at 1325.  Here, Defendant's appeal falls within the scope of the plea agreement's waiver set forth on pages seven through nine of the agreement.  While we narrowly construe the scope of Defendants appeal waiver, we nonetheless must hold him to the terms of his agreement with the Government.  *See id.* at 1328.  The waiver's broad language encompasses any appeal challenging the substantive reasonableness of a sentence *within the advisory guideline range*.  As noted,

---

[1]  The only mention Defendant makes of the appeal waiver appears at page six of his opening brief where he states:  "There is an appeal waiver in this case.  It is not clear if the Government will seek to invoke it." (record citations omitted).  Defendant has chosen not to file a reply brief.

Defendant's 240-month sentence of imprisonment falls within the applicable guideline range of 210 to 260 months. Only if his sentence was above the guideline range could Defendant challenge the substantive reasonableness of his sentence on appeal: "If the sentence is above the advisory guideline range determined by the Court to apply to Defendant's case, this waiver does not include Defendant's right to appeal the substantive reasonableness of Defendant's sentence."

The record also reveals that Defendant knowingly and voluntarily waived his right to appeal in this instance. To determine whether Defendant's waiver was knowing and voluntary, we look to both the plea agreement's language and the Federal Rule of Criminal Procedure 11 colloquy. *Hahn*, 359 F.3d at 1325. Page seven of the plea agreement states that Defendant "knowingly and voluntarily" waived his right to appeal in exchange for the promises and concessions the Government made in the agreement. The colloquy between the district court and Defendant at his change of plea hearing confirms the knowing and voluntary nature of Defendant's waiver. The court, in an exchange found at pages nine and ten of the hearing transcript, asked Defendant: "Do you understand that if the court does approve this plea agreement, that, with some limited exceptions, you are foregoing your rights [sic] to appeal? Defendant responded: "Yes, your Honor." When the court asked if Defendant had "any questions about that," Defendant answered: "Not at all, your Honor." The court, "[w]ith that understanding," accepted the plea agreement.

This leaves us only to inquire whether enforcing Defendant's plea waiver would result in a miscarriage of justice. Such a miscarriage occurs only where (1) the district

3

court relied on an impermissible factor such as race, (2) ineffective assistance of counsel arising out of the plea negotiations renders the waiver invalid, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful, meaning any error must affect the fairness, integrity, or public reputation of the judicial proceedings. *Hahn*, 359 F.3d at 1327. Notably, Defendant does not suggest to us that any of the four enumerated scenarios apply to his appeal. Moreover, our independent review of the record reveals none of those scenarios apply in this case.

* * *

Accordingly, we hold the waiver of appellate rights contained in Defendant Martin's plea agreement enforceable and dismiss his appeal.

APPEAL DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge